

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| REBECCA LESTER-PIERCE, § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 2:15-0730-MGL |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's final decision denying Plaintiff's claims for DIB and SSI be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 20, 2016, Plaintiff filed her objections on August 8, 2016, and Defendant filed her reply to Plaintiff's objections on August 22, 2016. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB and SSI on May 7, 2008. According to Plaintiff, her disability commenced on April 24, 2008. She alleges that she is disabled on the bases of cervical and lumbar degenerative disc disease and spondylosis, migraine headaches, a gastric dysmotility disorder, and anxiety and depression. Defendant denied her application initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which ALJ Ivor E. Avots conducted on January 8, 2010. On July 14, 2010, ALJ Avots issued a decision holding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed an action for judicial review with this Court on August 10, 2012. Defendant subsequently requested, and the Court granted, a motion to remand.

While the previous case was pending before this Court, ALJ John S. Lamb issued a decision on March 7, 2013, holding Plaintiff was disabled as of July 15, 2010. After the Court remanded the prior case, ALJ Lamb conducted a hearing on October 25, 2013, concerning Plaintiff's alleged disability from April 24, 2008 to July 14, 2010. On, January 17, 2014, ALJ Lamb issued his decision holding that Plaintiff was not disabled during that time period. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision Defendant's final decision for purposes of judicial review. Plaintiff then filed this case with the Court on February 20, 2015.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from

returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). Moreover,"[i]n reviewing for substantial evidence, [this Court does] not undertake to reweigh conflicting evidence, make credibility

3

determinations, or substitute our judgment for that of the ALJ." *Id*. When "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." (internal quotation marks and citations omitted. In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises two specific objections to the Magistrate Judge's Report. The first objection concerns the weight the ALJ assigned to the opinion of Dr. Stephen F. Worsham, Plaintiff's treating physician.

When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654. An ALJ, however, "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, *see* 20 C.F.R. § 404.1527(d) (1998). Courts are not always required to give a treating physician's testimony "controlling weight." *Hunter*, 993 F.2d at 35.

According to 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2), a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. Conversely, however, it follows that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent

4

with other substantial evidence, it should be accorded significantly less weight." *Craig v, Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

In Plaintiff's objections, for the most part, she essentially makes the same arguments on this issue she made to the Magistrate Judge, who went into much detail explaining her reasons for rejecting them. This Court holds Plaintiff's contentions to be without merit on the same bases the Magistrate Judge suggested them to be.

There are a few statements Plaintiff makes in her first objection, however, that the Court wishes to address briefly. The first is Plaintiff's opposition to the Magistrate Judge's suggestion that the ALJ's statement that "no treating or examining source has ever found that [Plaintiff] is disabled or unable to work[,]" A.R. 453, is "no basis for reversal." R 11. "But, respectfully," Plaintiff posits, "[W]hat would the purpose of this statement be if it was unimportant to the ALJ's analysis of the opinion evidence? We know that this mattered to the ALJ [because] he took the time to point it out." Objections 2. This argument is wholly without merit.

As Plaintiff well knows, ALJ Lamb, who presided over the matter now on appeal to this Court and wrote that statement, A.R. 457, had already held on March 7, 2013, that Plaintiff was disabled since July 15, 2010. A.R. 532 (ALJ John S. Lamb holding that Plaintiff "has been disabled under sections 216(I) and 223(d) of the Social Security Act since July 15, 2010). Hence, if the fact that "no treating or examining source ha[d] ever found that [Plaintiff was] disabled or unable to work[,]" A.R. 453, was something ALJ Lamb took into account in denying Plaintiff's claims for

benefits here, he would have necessarily considered it in his earlier decision and refused Plaintiff's request then. But, he did not. That Plaintiff would make such an objection is simply incredible.

Plaintiff also complains "the Magistrate Judge failed to acknowledge that the ALJ's evaluation of [Plaintiff's] MRI and Dr. Worsham's record near that time contained an improper medical determination." Objections 3. According to Plaintiff, the ALJ made medical determinations that he was unqualified to make. This argument is unavailing.

Plaintiff maintains the ALJ twice made an improper medical determination in his decision. The first time was "[w]hen discussing Dr. Worsham's treatment note, the ALJ . . . stated that Dr. Worsham noted that [Plaintiff's] MRIs did not show 'any neural foraminal difficulty'" *Id*. (quoting A.R. 447). And, Plaintiff avows that the second time the ALJ made an improper medical determination occurred when the ALJ wrote that "[Plaintiff] had no cervical neuroforaminal encroachment or cervical nerve root irritation." Objections 3 (quoting A.R. 448). "[A]s we explained," Plaintiff argues, "a person can have pain and limitation without having neuroforaminal encroachment." Objections 3. Plaintiff misapprehends the ALJ's decision.

As a preliminary matter, the Court is unable to find anything in the ALJ's decision suggesting that he thought Plaintiff had to have neuroforaminal to have pain and limitation. Instead, the ALJ noted in his opinion that the results of the September 2007 cervical MRI, according to Dr. Worsham, had shown "no . . . neuroforaminal abnormality. A.R. 447. Dr. Worsham subsequently commented on December 11, 2008, that there was "nothing to indicate the severity of the back pain that [Plaintiff] feels very diffusely [in the] perilumbar area." And then on June 18, 2009, he described Plaintiff's neck pain as being "controlled cervical pain." *Id*. at 447. On that same date, "[a]nother cervical MRI was run. . . . There were disc bulges at C5-6 and C6-7, but there was no neuroforaminal compromise at either level." *Id*. at 448.

It is clear to the Court that the ALJ did not make a medical determination at all. Instead, he merely summarized Dr. Worsham's treatment notes. The Court rejects Plaintiff's contention to the

6

contrary.

Plaintiff also alleges the Magistrate Judge erred in stating that the ALJ is allowed to "rely on a medical source opinion that did not have access to the entire medical record, so long as the ALJ considered the entire evidentiary record and substantial evidence supports the ALJ's decision[.]" Objections 5.  The Court disagrees.

Although it is true, as Plaintiff notes, that this Court has remanded a Social Security case before when, as here, "the non[-]examining sources [] did not have the benefit of all the medical opinions prior to issuing their opinions[.]" *Rogers v. Colvin*, No. 0:12–cv-2210–MGL, 2014 WL 1333088 at *4 (D.S.C. March 31, 2014).  In *Rogers*, the Court explained that it was "unable to discern from the present record whether the ALJ's decision is supported by substantial evidence. Accordingly, due to the unique circumstances of this case, the [C]ourt is constrained to remand this matter to [Defendant] for further proceedings." *Id*.

Social Security appeals are so fact specific, however, that it is rarely helpful to the Court for a party to cite to another district court decision in support of its argument, even a decision from this specific Court.  This is a perfect example.  Here, Plaintiff's treating physician provided evidence concerning Plaintiff's alleged disability in 2010 and 2011.  This was after the state consultants rendered their opinions regarding Plaintiff's condition.  But, the ALJ considered this new evidence and held it to be either congruent with his decision denying Plaintiff's claim or rejected it and gave valid reasons for doing so.  Therefore, it easily follows that whether the state consultants had access to these records is inconsequential.

For all of these reasons, the Court will overrule Plaintiff's first objection.

Second, Plaintiff argues the Magistrate Judge erred in stating the ALJ provided "adequate reasons for his credibility determination[.]"  Objections 7.  The Court is unconvinced.

The ALJ is well within his bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the objective medical evidence in the record.  *See Mickles v. Shalala*, 29 F.3d 918,

921 (4th Cir. 1994) (noting that the "only fair manner to weigh a subjective complaint is to examine how pain affects the routine of life"). The ALJ's responsibility is to "make credibility determinations—and therefore sometimes must make negative determinations—about allegations of pain or other nonexertional disabilities." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Declining to substitute its judgment for that of the ALJ in making credibility determinations, the Court finds substantial evidence in the record supports the ALJ's credibility assessment and reasoning.

The Magistrate Judge well explained why she was recommending to this Court that the ALJ's credibility determination ought not be disturbed–so much so that the Court need not spill any more ink on discussing the issue again herein. Suffice it to say that the Court agrees with the Magistrate Judge's exhaustive and well-reasoned treatment of this issue. As such, the Court will overrule this objection, too.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
